```
                 IN THE UNITED STATES DISTRICT COURT
                  FOR THE SOUTHERN DISTRICT OF TEXAS
                           HOUSTON DIVISION


NABORS DRILLING USA, LP,         §
                                 §
        Plaintiff,               §
                                 §
v.                               §    CIVIL ACTION NO. H-05-3044
                                 §
MARKOW, WALKER & REEVES, P.A.,   §
MARKOW, WALKER, P.A., MICHAEL    §
YOUNG, and ROBERT NILES HOOPER,  §
                                 §
        Defendants.              §
```

## MEMORANDUM AND ORDER

Pending are Defendants Markow, Walker & Reeves, P.A.'s, Markow, Walker, P.A.'s, Michael Young's, and Robert Niles Hooper's Motion to Dismiss for Lack of Personal Jurisdiction and Improper Venue (Document No. 4); Objections to and Motion to Strike Evidence Submitted by Plaintiff in Response to Defendants' Motions to Dismiss (Document No. 31); Motion to Dismiss Plaintiff's Fraud Allegations and Motion for More Definite Statement (Document No. 41); and Motion for More Definite Statement (Document No. 61). After having carefully considered the motions, responses, replies, and the applicable law, the Court concludes that this case should *sua sponte* be transferred to the United States District Court for the Southern District of Mississippi.

I. Background

Defendants Michael Young ("Young") and Robert Niles Hooper ("Hooper") are Mississippi attorneys with a Mississippi law firm, Defendant Markow Walker, P.A., formerly Markow Walker & Reeves, P.A. (collectively, "Markow"), who represented Plaintiff Nabors Drilling USA, LP ("Plaintiff"), a Delaware corporation with its principal place of business in Houston, Texas, in two separate matters pending in Mississippi. Plaintiff has filed two suits against the Mississippi lawyers who in Mississippi defended the Mississippi proceedings, alleging against them in this case legal malpractice, breach of contract, and fraud.[1]

In the first matter, Gallagher Bassett Services, Inc. ("GBS") --the third-party administrator for Plaintiff's insurance carrier, Continental Casualty Company--employed Markow to defend a worker's compensation claim (the "Claim").[2] Young was the Markow attorney assigned to handle the Claim. In the second matter, Markow represented Plaintiff in the lawsuit that Malone filed in

---

[1] Plaintiff filed its other case in Mississippi, C.A. No. 2:05cv2024, in the United States District Court for the Southern District of Mississippi, Hattiesburg Division, where unquestionably the court has jurisdiction and venue is proper.

[2] Gary Malone ("Malone") suffered an on-the-job injury while working for Plaintiff in Mississippi. Document No. 52 ex. H ¶ 3. He submitted to GBS a worker's compensation claim and ultimately filed a petition to controvert with the Mississippi Worker's Compensation Commission ("MWCC") in July 2002 (the "Claim"). Id.; Document No. 47 ex. A. GBS then referred the Claim to Markow. Id.

Mississippi state court against Plaintiff and GBS for the alleged bad faith handling of the Claim (the "Lawsuit").  Hooper was the Markow attorney assigned to handle the Lawsuit.[3]

Plaintiff alleges that Defendants (1) failed to seek dismissal of Malone's bad faith claim against Plaintiff; (2) failed to provide adequate and sufficient advice to Plaintiff regarding the Claim; (3) caused and/or failed to prevent delay in the payment of worker's compensation benefits to Malone; (4) fraudulently represented to Plaintiff that GBS had properly adjusted Malone's Claim; (5) fraudulently represented to Plaintiff's Assistant General Counsel Laura Doerre ("Doerre") that Defendants did not have a conflict of interest in defending Plaintiff in both the Claim and the Lawsuit; (6) fraudulently continued to represent Plaintiff without advising Plaintiff of the conflict; and (7) breached a contract for legal services by failing properly, timely, and in good faith to adjust Malone's Claim.  *See* Document No. ¶¶ 13, 19, 24-38, 40-45.

Defendants now move to dismiss this action for lack of personal jurisdiction, arguing that Defendants' representation of Plaintiff in the Claim and Lawsuit occurred wholly in Mississippi and that Defendants do not have sufficient minimum contacts with Texas to warrant the exercise of personal jurisdiction.

---

[3] The Lawsuit evidently is still pending.

Alternatively, Defendants argue that the case should be dismissed because venue is not proper in the Southern District of Texas.

## II. Discussion

### A. Objections and Motion to Strike

Defendants initially object to and move to strike the affidavits of Doerre and Plaintiff's counsel, Jessica Jones ("Jones"), submitted by Plaintiff in opposition to Defendants' motion to dismiss for lack of personal jurisdiction. *See* Document Nos. 16 exs. A, F; 52 ex. A.  Plaintiff has not filed a response and, in accordance with Local Rule 7.4, the motion is deemed unopposed.  After having carefully reviewed the objections, the Court rules as follows:

   1.   Objections 1, 2, 3, 4, 5, 6, 7, 8, 10, and 11 to the Doerre Affidavit are SUSTAINED.

   2.   Objections 9 and 12 to the Doerre Affidavit are OVERRULED.

   3.   Objection 1 to the Jones Affidavit is SUSTAINED, and the Jones Affidavit is STRICKEN in its entirety.

### B. The Reasons for Transfer

Both sides have argued at some length the merits of Defendants' plea to the jurisdiction.  Defendants' arguments are persuasive that this Court would not have general jurisdiction over

4

Defendants or specific jurisdiction over Young.  Plaintiff in all likelihood has made a *prima facie* case for specific jurisdiction over Hooper and, through him, the law firm, based on Hooper's delivery of letters to Plaintiff and its representative in Texas that at least in part are the basis for Plaintiff's professional malpractice claim.  Defendants in the alternative have moved to dismiss based on improper venue contending that, under 28 U.S.C. § 1391(a)(2), a substantial amount, if not all, of the alleged events and omissions giving rise to Plaintiff's claims occurred in the Southern District of Mississippi, not in Texas.  *See* 28 U.S.C. § 1391(a)(2).

The Court need not analyze nor reach definite decisions on either the plea to the jurisdiction or whether venue is proper, however, because this case is one of those exceptional cases that should be transferred regardless of whether this Court has personal jurisdiction over Defendants and regardless of whether venue is proper in this District.  *See* Highland Capital Mgmt., L.P. v. Schneider, 2002 WL 31165888 (N.D. Tex. Sept. 27, 2002); Mincey v. Overhead Door Co. of Tulsa, 1993 WL 390104 (E.D. La. Sept. 30, 1993).  Moreover, it is appropriate under the circumstances present here *sua sponte* to transfer the case to Mississippi pursuant to 28 U.S.C. § 1404(a).  *See* Mills v. Beech Aircraft Corp., 886 F.2d 758, 761 (5th Cir. 1989) (citing Jarvis Christian College v. Exxon Corp., 845 F.2d 523, 528 (5th Cir. 1988); *see also* Republic of

Bolivia v. Philip Morris Cos., Inc., 39 F. Supp. 2d 1008, 1008-10 (S.D. Tex. 1999).

A district court may transfer any civil case "[f]or the convenience of parties and witnesses, in the interest of justice, . . . to any other district or division where it might have been brought."  28 U.S.C. § 1404(a).  The purpose of § 1404(a) is "to prevent the waste of time, energy, and money and to protect litigants, witnesses, and the public against unnecessary inconvenience and expense."  DataTreasury Corp. v. First Data Corp., 243 F. Supp. 2d 591, 593 (N.D. Tex. 2003) (citations omitted).  The decision to transfer a pending case is committed to the sound discretion of the district court.  Jarvis, 845 F.2d at 528.  In exercising this discretion, "the trial court must consider 'all relevant factors to determine whether or not on balance the litigation would more conveniently proceed and the interests of justice be better served by transfer to a different forum.'" Peteet v. Dow Chem. Co., 868 F.2d 1428, 1436 (5th Cir. 1989) (quoting 15 Charles A. Wright, Arthur R. Miller & Edward H. Cooper, Federal Practice & Procedure, § 3847 at 370 (1986)).

Although the plaintiff's choice of forum is "clearly a factor to be considered, . . . [it] is neither conclusive nor deter-minative," and has reduced significance where most of the operative facts occurred outside the district.  See In re Horseshoe Entm't, 337 F.3d 429, 434 (5th Cir. 2003); Lindloff v. Schenectady Int'l,

6

950 F. Supp. 183, 185 (E.D. Tex. 1996).  In this instance, of course, Plaintiff chose to sue not only in this forum but also in the Southern District of Mississippi, where it has pending virtually the identical suit against the exact same Defendants. Other factors courts consider in deciding whether to transfer a case include: (1) the availability and convenience of the witnesses and parties; (2) the availability of process to compel the presence of unwilling witnesses; (3) the cost of obtaining attendance of witnesses; (4) the relative ease and access to sources of proof; (5) where the events took place; (6) administrative difficulties flowing from court congestion; (7) the familiarity of the forum with the law that will govern the case; (8) the avoidance of unnecessary problems of conflict of laws of the application of foreign law; (9) judicial economy; and (10) the interest of justice in general.  *See* In re Volkswagen AG, 371 F.3d 201, 203 (5th Cir. 2004); DataTreasury, 243 F. Supp. 2d at 593; Republic of Bolivia, 39 F. Supp. 2d at 1009-10; Gundle Lining Constr. Corp. v. Fireman's Fund Ins. Co., 844 F. Supp. 1163, 1165 (S.D. Tex. 1994).

None of Defendants resides in or has a place of business in Texas, while it is undisputed that Plaintiff has an established business presence in Mississippi, where its insurance company representative employed Mississippi counsel to defend its interests in the Mississippi courts.  Virtually all of the events or omissions giving rise to Plaintiff's claims--from the time of

Malone's on-the-job injury and the filing of his compensation claim to the present--originated or occurred in Mississippi. The majority of relevant witnesses--including Malone, Malone's attorney, Plaintiff's employees with knowledge of the events giving rise to the Claim, Defendants, and any expert witnesses on Mississippi worker's compensation law, or professional malpractice in Mississippi--are assuredly all located in Mississippi. It was in Mississippi that Defendants were employed to work on Mississippi litigation, and Mississippi law will govern both the contract and Plaintiff's claims that Defendants committed professional malpractice; and the United States District Court in Mississippi is expert in the law of Mississippi. Although Plaintiff argues that Ms. Lankford, to whom one of Hooper's letters was addressed, is beyond the subpoena power of the Mississippi courts, she is an employee of Plaintiff's insurance broker, which undoubtedly values Plaintiff's business, and there is no evidence that Ms. Lankford would be either an unwilling witness or would not testify in Mississippi if asked to do so by Plaintiff. Indeed, in arguing for personal jurisdiction over Defendants in Texas, Plaintiff emphasized that Ms. Lankford was a representative of Plaintiff and gave no indication whatever that she was not firmly lodged in Plaintiff's camp, much less that she would be an uncooperative or unwilling witness.

In addition, judicial economy weighs heavily in favor of transferring the case to Mississippi, given that (1) Plaintiff has pending essentially the same case against the same Defendants in the Southern District of Mississippi, where venue is proper and where all Defendants are subject to personal jurisdiction; and (2) the likelihood evident from the parties' submissions that this Court probably does not have personal jurisdiction over Young and therefore could not adjudicate all of Plaintiff's claims in a single action.  *See* DataTreasury, 243 F. Supp. 2d at 594 ("To permit a situation in which two cases involving precisely the same issues are simultaneously pending in different District Courts leads to the wastefulness of time, energy, and money that § 1404(a) was designed to prevent.  Moreover, such a situation is conducive to a race of diligence among litigants for a trial in the District Court each prefers.") (quoting Continental Grain Co. v. Barge FBL-585, 80 S. Ct. 1470, 1474 (1960)); *c.f.* Posven, C.A. v. Liberty Mut. Ins. Co., 303 F. Supp. 2d 391, 406 (S.D.N.Y. 2004) ("[I]t is well-established that the ability to implead a third-party in the proposed transferee forum and thereby resolve related claims in a single action weighs heavily in favor of transfer.").

In sum, virtually everything about this case cries out, "Mississippi!"  The appropriately considered factors on balance heavily weigh in favor of a § 1404(a) transfer to that State in which may be found the vortex of the entire controversy.

Accordingly, both for the convenience of the parties and witnesses and also, most decidedly, to serve the interest of justice, this case will be transferred to the Southern District of Mississippi.

### III. Order

Based on the foregoing, it is hereby

ORDERED that this case is TRANSFERRED to the United States District Court for the Southern District of Mississippi, pursuant to 28 U.S.C. § 1404(a).

The Clerk will mail a copy of this Memorandum and Order of Transfer to the Clerk of the United States District Court for the Southern District of Mississippi, and shall notify all parties and provide them with a true copy of this Order.

SIGNED at Houston, Texas, on this 15th day of August, 2006.

*[signature: Ewing Werlein, Jr.]*

EWING WERLEIN, JR.
UNITED STATES DISTRICT JUDGE

10